Tamara ZELTSER, dba Medallion Jewelry & Loan, Plaintiff—Appellant,

and

Edward Zeltser, Plaintiff,

v.

CITY OF OAKLAND; Craig Kocian; Joseph Samuels, Jr., individually and in his capacity as Chief of Police of the City of Oakland; Thomas O. Donohue, individually and in his capacity as Deputy Chief of Police, Bureau of Investigation; Jay Crawford; Ken Zanotto; Kenneth Whitman, individually and in his capacity as Sergeant of the Oakland Police Department; David C. Larson, individually and in his capacity as Officer of the Oakland Police Department; William Andrews, individually and in his capacity as Sergeant of the Oakland Police Department; T.L. Slade, individually and in his capacity as Sergeant of the Oakland Police Department; Jane W. Williams, individually and in her capacity as City Attorney of the City of Oakland, Defendants—Appellees.

No. 01–17430.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2003.

Decided April 8, 2003.

See also: 325 F.3d 1141.

Before: TROTT, RYMER, and TALLMAN, Circuit Judges.

MEMORANDUM *

Tamara Zeltser, d/b/a Medallion Jewelry & Loan ("Zeltser"), appeals several rulings by the district court in her 42 U.S.C. § 1983 action against the City of Oakland ("City"). Zeltser alleges that the Oakland Police Department ("OPD") violated her civil rights by seizing a diamond ring, a Rolex watch, and a television from her

pawn shop. In a separate published opinion, we reversed the district court's order granting summary judgment to the City on the issue of the OPD's liability for the seizure of the diamond ring. We dispose of Zeltser's remaining arguments in this unpublished disposition.

We review the district court's grant of summary judgment de novo. *Padfield v. AIG Life Ins. Co.*, 290 F.3d 1121, 1124 (9th Cir.2002). While a district court's denial of summary judgment is not a final order and thus unappealable, it is reviewable when it is coupled with a grant of summary judgment to the opposing party. *Id.* In such cases, the district court's denial of summary judgment is also reviewed de novo. *Id.* A district court's interpretation of state law is also reviewed de novo. *Paulson v. City of San Diego*, 294 F.3d 1124, 1128 (9th Cir.2002) (en banc).

■ The district court did not err in granting summary judgment to the City on the issue of the City's liability for OPD's seizure of the watch. The watch was seized pursuant to a valid search warrant. As a result, the OPD could not release the watch until there was a judicial determination of ownership. Cal.Penal Code § 1536. No court determination had been made so Zeltser was required to petition the court for return of the watch. Cal. Fin.Code § 21206.8. Because Zeltser had not yet done so, the district court correctly determined that there was no violation of her civil rights.

■ The district court did not err in determining that Zeltser was not entitled to damages for the infliction of emotional distress. Although emotional distress damages are available in a § 1983 action, *Anderson v. Central Point School Dist. No. 6*, 746 F.2d 505, 508 (9th Cir.1984),

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Zeltser offered no evidence in support of her claim that she suffered emotional distress. Therefore, the district court's grant of summary judgment in favor of the City was proper. *See Carey v. Piphus,* 435 U.S. 247, 264, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978) ("[A]lthough mental and emotional distress caused by the denial of procedural due process itself is compensable under § 1983, we hold that neither the likelihood of such injury nor the difficulty of proving it is so great as to justify awarding compensatory damages without proof that such injury actually was caused.").

We do not address Zeltser's argument that she is entitled to punitive damages because that issue cannot be resolved until the district court decides the remaining qualified immunity issue.

AFFIRMED.